**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TOR AHMADD BISHOP, | No. 2:21-CV-0574-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| G. DODSON, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants:  (1) G. Dodson, a correctional officer at California State Prison, Sacramento (CSP-Sac); (2) Jessica Jacinto, a correctional counselor at CSP-Sac; and (3) Joseph Saji, a registered nurse at CSP-Sac.  ECF No. 1, pg. 2.  Plaintiff makes three (3) claims.  See id. at 3-5.

First, Plaintiff asserts a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause against Defendant Dodson for intentionally closing a cell door on the Plaintiff's hand.  See id. at 3.  Plaintiff alleges that on June 1, 2020, Plaintiff reached for a soda and a door closed on Plaintiff's hand.  Id.  Plaintiff "look[ed] up" and saw "Defendant [Dodson] staring at him."  Id.  Defendant Dodson ignored Plaintiff's cries to open the door for "approximately 30 seconds."  Id.  While Plaintiff's hand was in the door Defendant Dodson stated that if Plaintiff "continue[d] to push my line," Plaintiff was going to find himself in a dangerous position.  ECF No. 1, pg. 3.  Plaintiff also suggested that Defendant's actions were out of retaliation for Plaintiff filing a complaint against another correctional officer.  See id.  Defendant Dodson further stated that next time Plaintiff would lose his finger.  See id.  Plaintiff "sustained a long deep cut on his left index finger as a result" of the incident requiring twelve (12) staples.  Id.  Plaintiff further alleges that Plaintiff was in fear of his life, which "caused him a lot of mental anguish."  Id.

Second, Plaintiff asserts a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause against Defendant Saji for ignoring "Plaintiff's sick call medical request slips."  See ECF No. 1, pg. 4.  Plaintiff alleges that Defendant Saji "received numerous 'sick call' request slips from the Plaintiff requesting medical treatment for his left index finger injury."  Id.

1  Defendant Saji "did not respond to any of Plaintiff's 'sick call' medical request slips that he
2  received from the Plaintiff." Id.  Because Defendant Saji did not respond to Plaintiff's request,
3  Plaintiff suffered "an infection in his left index finger." Id.  Plaintiff does not mention any dates
4  regarding the requests for treatment.  See id.  Plaintiff also mentions that Defendant Saji "made
5  false reports" as to Plaintiff's injury but does not provide any other information regarding false
6  reports.  See id.

7  Third, Plaintiff asserts a violation of the First Amendment's Right to Petition
8  Clause against Defendant Jacinto for intentionally withholding documents so that Plaintiff's claim
9  would expire.  See ECF No. 1, pg. 5.  Plaintiff alleges that Defendant Jacinto "opened Plaintiff's
10 legal mail and read its entire contents." Id.  Plaintiff gave Defendant Jacinto Plaintiff's sealed
11 legal mail for her to sign and for her to send to the mail room for processing.  See id.  Defendant
12 Jacinto did not "sign and date Plaintiff's legal mail and fail[ed] to process it." Id.  Defendant
13 Jacinto held the legal documents for fifteen (15) days despite the same-day protocol and
14 Plaintiff's numerous reminders.  See id.  This led to the expiration of Plaintiff's "legitimate
15 claims" on appeal.  See id.

16
17                                        **II.  DISCUSSION**
18  The Court finds that Plaintiff states cognizable claims as to his Eighth Amendment
19 excessive force claim, Eighth Amendment failure to medically treat claim, and First Amendment
20 retaliation claim.  However, Plaintiff fails to allege a cognizable First Amendment access to the
21 courts claim.

22  Prisoners have a First Amendment right of access to the courts.  See Lewis v.
23 Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64
24 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance
25 procedures).  This right includes petitioning the government through the prison grievance process.
26 See id.  Prison officials are required to "assist inmates in the preparation and filing of meaningful
27 legal papers by providing prisoners with adequate law libraries or adequate assistance from
28 persons trained in the law." Bounds, 430 U.S. at 828.  The right of access to the courts, however,

3

1  only requires that prisoners have the capability of bringing challenges to sentences or conditions
2  of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous
3  criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.
4  Therefore, the right of access to the courts is only a right to present these kinds of claims to the
5  court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-
6  55.
7         As a jurisdictional requirement flowing from the standing doctrine, the prisoner
8  must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to
9  contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-
10 frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in
11 providing legal materials or assistance which result in prejudice are "not of constitutional
12 significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518
13 U.S. at 362.
14         Here, Plaintiff baldly asserts that his "legitimate claims" on appeal expired
15 because Defendant Jacinto withheld legal mail from getting processed.  ECF No. 1, pg. 5.
16 Plaintiff has not, however, specifically alleged that the expired claim was either a non-frivolous
17 criminal appeal, a habeas corpus action, or a § 1983 suit.  See Lewis, 518 U.S. at 353 n.3 & 354-
18 55.  Plaintiff will be provided an opportunity to amend to further elaborate on his allegations
19 relating to access to the courts.
20
21                           **III.  CONCLUSION**
22         Because it is possible that the deficiencies identified in this order may be cured by
23 amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d
24 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an
25 amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
26 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the
27 prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An
28 amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  September 30, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE